**JEFFREY K. STARNES**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls MT 59403
119 First Ave. N., Suite 300
Great Falls, MT 59401
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Jeff.Starnes@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED
JUN 2 4 2022
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-11-H-BMM |
| Plaintiff, | |
| vs. | PLEA AGREEMENT<br>(*Fed. R. Crim. P. 11(c)(1)(A) and (B)*) |
| ROSEMARIE ANN MURROW,<br>a.k.a. "Ghost," | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Jeffrey K. Starnes, Assistant U.S. Attorney for the District of Montana, and the defendant, Rosemarie Ann Murrow, and the defendant's attorney, Rachel Julagay, have agreed upon the following:

AUSA  DEF  ATTY  Date 6/24/22          Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 21-11-H-BMM |
|---|---|
| Plaintiff, | |
| vs. | APPENDIX TO PLEA AGREEMENT (Items to be Forfeited) |
| ROSEMARIE ANN MURROW, a.k.a. "Ghost," | |
| Defendant. | |

As referenced in paragraphs 2 and 7 of the plea agreement in this matter, the defendant agrees to forfeit to the United States the following property:

1. $5,400 in cash seized from a bedroom safe on or about April 14, 2021;

2. All firearms seized in this case, including the following:

    - Marlin .22 caliber rifle with an unknown serial number

    - Harrington & Richardson, model Topper 12-gauge shotgun, with serial number AG27037;

    - Rock Island Armory, model M1911-A1 FS .45 caliber pistol, with serial number RIA1565826;

    - Diamondback firearms, model DB380, .380 caliber pistol, with serial number Zl7458;

    - Walter mode P22, .22 caliber pistol, with serial # Z069076, and 10 rounds of .22 caliber ammunition; and

3. All ammunition seized during the investigation of this case (approximately 2,000 rounds)

AUSA _/s/_  DEF _RM_  ATTY _Rg_  Date _6/24/22_        Page 1

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charge:** The defendant agrees to plead guilty to the superseding information and to admit the forfeiture allegation. Count 1 of the superseding information charges the crime of possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense carries a maximum punishment of a mandatory minimum five to 40 years of imprisonment, a $5,000,000 fine, at least four years of supervised release, and a $100 special assessment. Count 2 charges the crime of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense carries a maximum punishment of ten years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts the agreement, the United States will move to dismiss the indictment.

3. **Nature of the Agreement:** This agreement is made pursuant to Rules 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, the indictment; and b) makes

the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and the indictment is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the crimes charged in the superseding information.

(a) In pleading guilty to Count 1, the defendant acknowledges the following:

- First, the defendant knowingly possessed five grams or more of actual methamphetamine, a Schedule II controlled substance; and

- Second, the defendant possessed it with intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine; it is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

(b) In pleading guilty to Count 2, the defendant acknowledges the following:

- First – the defendant knowingly possessed a firearm;

- Second – the firearm had been shipped or transported from one state to another or between a foreign nation and the United States;

- Third – at the time the defendant possessed the firearm, she had been previously convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of the State of New Jersey; and

- Fourth – at the time the defendant possessed the firearms, the defendant knew she had been previously convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of the State of New Jersey

5. **Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i)  At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j)  If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)  The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)  If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| /S | RM | Kof | 6/24/22 |

The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:**

- <u>First</u>: The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

- <u>Second</u>: the parties agree that defendant Murrow is not eligible for the application of the "safety-valve" provisions of U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) to her conviction as to Count 1 because she possessed a firearm in connection with the offense.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

7. **Forfeiture**: As part of this agreement, the defendant agrees to abandon and disclaim any right or interest in the property listed in the attached appendix to this agreement, and consents to the destruction or disposition of such property as provided for by the policies and procedures of the Bureau of Alcohol,

Tobacco, Firearms, and Explosives, the Federal Bureau of Investigation, the United States Marshal's service, and/or the Department of Homeland Security.

8. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

9. **Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

10. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

_/s/_ _RM_ _/s/_ _6/24/22_
AUSA  DEF  ATTY  Date

Page 8

11. **Loss of Federal Benefits:** The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

12. **Mandatory Detention After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

13. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
JEFFREY K. STARNES
Assistant U.S. Attorney
Date: 6/24/22

_____
ROSEMARIE ANN MURROW
Defendant
Date: 6-21-22

_____
RACHEL JULAGAY
Defense Counsel
Date: 6/24/22